Nicholas M. Pette, J.
This is a proceeding under article 78 of the Civil Practice Law and Rules to annul the determination of the respondent school officials of the City of New York by which a partial pairing of certain grade classes of two adjoining *918 public schools in Queens County (Public Schools Nos. Ill and 112) will be effectuated commencing with the September, 1964 school term.
Each of the foregoing elementary schools had classes from kindergarten through the sixth grade. Pursuant to the plan dated May 28, 1964, adopted by the respondents, Public School No. Ill, located at 37-15 13th Street, Long Island City, in the County of Queens, will contain the fourth, fifth and sixth grades for the students who live in the area zone of both schools and Public School No. 112, located at 25-05 37th Avenue, Long Island City, in the County of Queens, will contain classes for the first, second and third grade students living in the area zone of both schools. Each of the two schools will continue, as formerly, their kindergarten classes.
The 10 children of the respective petitioners have in the past attended Public School No. 112. Under the plan challenged, all of them are scheduled to be transferred commencing with the September, 1964 term to Public School No. Ill, 9 in the fourth grade and 1 in the sixth, but such transfers are to be effectuated by reason of the transfer of these children’s respective grade classes rather than individually. There is no claim that such transfer will require busing of petitioners’ children since the two schools are only five city blocks apart.
The thrust of petitioners’ contention is that race and color were the sole reasons for the partial pairing which has been directed by the transfer of grades as hereinbefore described. They argue that this is forbidden by the recently-enacted Civil Eights Act of 1964 (Public Law 88 — 88th Congress) where, under the heading “ Definitions ” in subdivision (b) of section 401, the term “ Desegregation ” is defined to mean “ the assignment of students to public schools and within such schools without regard to their race, color, religion, or national origin, but ‘ desegregation ’ shall not mean the assignment of students to public schools in order to overcome racial imbalance. ’ ’
The record before this court does not sustain petitioners’ contention that race and color were the sole considerations which prompted the inauguration of the plan. As was noted by Mr. Justice Mabgett in Matter of Addabbo v. Donovan (43 Misc 2d 621, 627), reduction of racial imbalance in public schools was “ a very important — probably the most important — factor in the respondents’ determination * * * but it was not the only factor ”.
¡So here, as pointed out in the affidavit of Mary Halleron, the Assistant Superintendent of Schools in charge of the districts in which the two schools are located, by reference to Exhibit *919 “ B ” annexed to the answer entitled ‘ ‘ Combined Zoning Report Districts 45, 46 — Queens ”, the contemplated pairing will result in substantially-reduced class sizes, additional professional services, a better opportunity for supervisory personnel to concentrate on child development and the adaptation of the curriculum and at the same time the children will be afforded an early opportunity to live and work together in a multi-racial school setting.
The pairing plan here involved, therefore, does not violate the definition of ‘ ‘ Desegregation ’ ’ contained in the Civil Rights Act of 1964 above set forth. To hold otherwise would transmute that act into a segregation law when its clear import is anti-segregation. It was pointed out by the Appellate Division, Fourth Department, in Matter of Strippoli v. Bickal (21 A D 2d 365, 367-368) “a determination of the Board of Education which is otherwise lawful and reasonable does not become unlawful merely because the factor of racial balance is accorded relevance. (Matter of Balaban v. Rubin, 14 N Y 2d 193.) ”
On the basis of this record, the action taken by the respondents was neither arbitrary, capricious, unreasonable nor in excess of the respondents’ powers. Nor is it likely to produce oppressive results or hardship inasmuch as the travel by petitioners’ children required thereby will not be significantly different from what it was in the past. (See Matter of Hayes v. Donovan, N. Y. L. J., July 22, 1964, p. 7, col. 5.)
The determination of the respondents is accordingly confirmed and the petition dismissed on the merits, without costs.